UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
          Plaintiff,

v.                                    Case No. 09-C-497

APPROXIMATELY $15,452.00
IN UNITED STATES CURRENCY,
          Defendant.

## ORDER GRANTING MOTION TO AMEND JUDGMENT OF FORFEITURE

On November 25, 2008, Milwaukee Police Officers executed a search warrant at a residence location in the 3500 block of North 4th Street in an effort to uncover evidence that Gary Morse ("Morse") was involved in drug dealing. (Docket No. 26-1, ¶5.) Officers discovered and seized cocaine within the residence as well as $450.00 from Morse's pocket and $15,002.00 from a safe in the basement. Morse was prosecuted in state court for drug-related offenses and the United States sought to forfeit the cash recovered from the residence. (Docket No. 26-1, ¶5.)

Morse's brother, Jesse Anderson ("Anderson"), filed a claim for the $15,002.00 found in the safe, claiming that the money was to pay for expenses associated with rental properties. Anderson stated he owned these properties and left them in the care of his brother while Anderson was deployed to Afghanistan with the U.S. Army Reserves. (Docket No. 26-1, ¶5.) Anderson, proceeding with the assistance of counsel, submitted an answer to the complaint, (Docket No. 8), as well as a verified claim and affidavit in support, (Docket Nos. 11, 12, 13). The matter was subsequently reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (Docket No. 10.)

In an effort to support his claim for the $15,002.00 found in the safe, Anderson presented to the government copies of his tax returns. Relying in part upon the information contained in the documents provided by Anderson, the government and Anderson entered into a stipulation for compromise settlement whereby the government agreed to return $6,502.00 of the defendant property to Anderson while the remaining $8,950.00 (which included the $450.00 recovered from Morse's pocket that Anderson did not claim) would be forfeited to the United States. (Docket No. 21.) Pursuant to this stipulation, the court entered a judgment of forfeiture on January 11, 2011. (Docket No. 24.)

After the money was returned to Anderson, a paralegal in the United States Attorney's office was closing out the forfeiture action when she noticed that of the three tax returns submitted by Anderson, one used a different Social Security number. (Docket No. 26-1, ¶5.) The government began investigating this discrepancy and learned that the while the 2006 return listed Anderson's actual Social Security number, the returns for 2007 and 2008 listed the Social Security of a person who apparently had no relationship with Anderson other than the fact both had previously worked for Milwaukee Public Schools. (Docket No. 26-1, ¶5.) Ultimately, the government learned that the tax returns Anderson submitted to support his claim to the defendant property were fraudulent and over-stated the income that Anderson received from his rental properties during the relevant years.

Discovery of Anderson's fraud resulted in a criminal prosecution and the grand jury returned an indictment against him for submitting false documents, in violation of Title 18, United States Code, Section 1001(a)(3) and obstruction of justice, in violation of Title 18, United States Code, Section 1519. (E.D. Wis. Case No. 10-CR-254, Docket No. 1.) Anderson subsequently pled guilty to count one of the indictment and count two was dismissed. (E.D. Wis. Case No. 10-CR-254, Docket No. 11.) He was sentenced to 3 years probation and ordered to pay restitution to the "United

States Department of Justice Asset Forfeiture Fund" in the amount of $6,502.00. (E.D. Wis. Case No. 10-CR-254, Docket No. 17.)

Although paying restitution might seem like a routine task, i.e. the defendant would simply write a check to the "United States Department of Justice Asset Forfeiture Fund," it has become more complex. Apparently, when bureaucracies and money mix, things are scarcely as simple as they would initially appear.

First, it is the court's responsibility to administer restitution disbursements, and therefore a defendant must pay restitution to the court rather than directly to the victim. 18 U.S.C. § 3611. Comparatively speaking, this is a minor wrinkle. The bigger problems arise when it comes to how the Asset Forfeiture Fund is to obtain that restitution once dispersed by the court.

The United States Department of Justice is tasked with administering the majority of the assets forfeited to the federal government. (Docket No. 36, ¶¶1-2.) To accomplish this task, the Department of Justice maintains essentially two separate accounts with the United States Treasury. (Docket No. 36, ¶¶5-6.) There is the Seized Assets Deposit Fund and the aforementioned Asset Forfeiture Fund. (Docket No. 36, ¶¶5-6.) As one might expect, seized assets go into the Seized Assets Deposit Fund where they are held pending forfeiture proceedings. (Docket No. 36, ¶5.) The wholly separate Asset Forfeiture Fund contains only assets that have been forfeited and that may be dispersed for various statutorily authorized purposes. See 28 U.S.C. § 524(c)(1); (see also Docket No. 36, ¶6). According to the government, notwithstanding the explicit judgment in 10-CR-254 ordering that restitution be paid to the Asset Forfeiture Fund, the only way funds may make it into the Asset Forfeiture Fund is by transfer from the Seized Assets Deposit Fund, and an order of forfeiture is required to complete that transfer. (Docket Nos. 34, ¶25; 36, ¶9.)

On August 18, 2011, the government filed a motion to reopen the judgment of forfeiture, which was accompanied by Anderson's stipulation to amend the judgment of forfeiture to provide

3

for the immediate forfeiture of the full $15,452.00. (Docket No. 26.) However, at the time, Anderson had not yet fully paid the court-ordered restitution and thus the entire amount of the defendant property was not yet deposited into the Seized Assets Deposit Fund. The court held a hearing with the parties on August 29, 2011 during which the court expressed concerns that the motion was premature because the government was not in possession of the defendant property. (Docket No. 31.) In light of the court's concerns about entering an order forfeiting funds that had not been fully received, the government requested that the motion be denied without prejudice, which the court did on September 1, 2011. (Docket No. 33.)

On April 22, 2013, the government filed a renewed motion to amend the judgment in the forfeiture action, indicating that Anderson has now paid the full amount of restitution ordered and the United States Marshals Service has deposited this amount into the Seized Assets Deposit Fund. (Docket No. 34, ¶¶21-22.) Thus, the final step in effecting the judgment in 10-CR-254 is to order the remaining defendant property (i.e. the restitution paid by Anderson) forfeited so that it may be transferred from the Seized Assets Deposit Fund to the Asset Forfeiture Fund.

Therefore, based upon the judgment entered in E.D. Wis. Case No. 10-CR-254, (Docket No. 26-2), and the stipulation of the parties, (Docket No. 26-3), pursuant to Fed. R. Civ. P. 60(b)(3) and (6), THE COURT HEREBY ORDERS that the Clerk amend the judgment in this matter so that all right, title and interest in the defendant property, $15,452.00 in United States currency, is **forfeited** to the United States of America.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 1st day of May, 2013.

_____
AARON E. GOODSTEIN
U.S. Magistrate Judge